IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION


JAMES EDWARD LEE                                          PLAINTIFF

VS.                            CIVIL ACTION NO. 3:06CV239-WHB-JCS

STATE ATTORNEY GENERAL,
MISSISSIPPI STATE OIL AND GAS BOARD,
SPOONER PETROLEUM COMPANY,
HALLIBURTON, INTERNATIONAL PAPER
COMPANY                                                   DEFENDANTS


<u>OPINION AND ORDER</u>

This cause is before the Court on the Motion to Dismiss of International Paper Company (hereinafter "IP"), filed under docket entry no. 2, and the Motion to Dismiss of Defendant Spooner Petroleum Company (hereinafter "Spooner"), filed under docket entry no. 4. Defendant State Attorney General and Defendant Mississippi State Oil and Gas Board joined in the Motion of Spooner to Dismiss. <u>See</u> docket entry no. 6. Plaintiff failed to respond to any of these pleadings. The Court therefore finds that the Motions should be granted.

The Motion to Dismiss of IP and the Motion to Dismiss of Spooner were filed on May 9, 2006, and May 11, 2006, respectively. The Motions seek dismissal based on the provisions of Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff failed to respond to the subject Motions, and the time limit for filing a Response has expired.

As Plaintiff is proceeding in this case *pro se*, his pleadings must be liberally construed. Pena v. United States of America, 122 F.3d 3, 4 (5th Cir. 1997).  However, Plaintiff's complete failure to respond to Defendant's Motion to Dismiss is inexcusable. Holly v. Mississippi Dept. of Corrections, No. 4:98CV89-EMB, 1998 WL 911750 at *3 (N.D. Miss. Oct. 28, 1998)(holding that *pro se* plaintiffs must litigate suits under the Rules of Civil Procedure); Martin v. Harrison County Jail, 975 F.2d 192, 193 (5th Cir. 1992). Therefore, pursuant to the authority granted this Court under Rule 7.2(C)(2) of the Uniform Local Rules of the United States District Courts for the Northern and Southern Districts of Mississippi,[1] the Court finds that Defendants' Motions to Dismiss are well taken and should be granted.

As stated above, the ground on which Defendants seek dismissal is failure to state a claim for which relief may be granted, under Rule 12(b)(6).  When dismissal is based on Rule 12(b)(6), the dismissal is with prejudice in the vast majority of circumstances. However, in at least two cases decided by the Untied States Court of Appeals for the Fifth Circuit, the court held that if a case is dismissed based on failure of a party to respond to a dispositive motion, then dismissal must be without prejudice. John v. State of Louisiana (Bd. of Trustees for State Colleges and Universities),

---

[1]Rule 7.2(C)(2) states "[i]f a party fails to respond to any motion, other than a motion for summary judgment, within the time allotted, the court may grant the motion as unopposed."

757 F.2d 698, 709 (5th Cir. 1985); <u>Arundar v. DeKalb County Sch. Dist.</u>, 620 F.2d 493, 493-95 (5th Cir. 1980).  Based on the holdings in <u>John</u> and <u>Arundar</u>, Plaintiff's claims against Defendants International Paper Company, Spooner Petroleum Company, State Attorney General and Mississippi State Oil and Gas Board, must be dismissed <u>*without*</u> prejudice.

Based on the holdings presented above:

IT IS THEREFORE ORDERED that Motion to Dismiss of International Paper Company (docket entry no. 2) is hereby granted.

IT IS FURTHER ORDERED that the Motion to Dismiss of Defendant Spooner Petroleum Company (docket entry no. 4) is hereby granted.

IT IS FURTHER ORDERED that Defendants International Paper Company, Spooner Petroleum Company, State Attorney General and Mississippi State Oil and Gas Board are hereby dismissed from this case, <u>*without*</u> prejudice.

SO ORDERED this the 9th day of June, 2006.


<u>s/ William H. Barbour, Jr.</u>
UNITED STATES DISTRICT JUDGE

tct